UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES HARRIS | No. 3:10-cr-00148 (JAM) |

RULING GRANTING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE IN ACCORDANCE WITH U.S.S.G. AMENDMENT #782

On January 20, 2012, this Court (*Ellen Bree Burns, J.*) sentenced defendant James Harris principally to a term of 110 months imprisonment and a term of five years supervised release, following his conviction of conspiracy to distribute 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. On the basis of Amendment 782 to the U.S. Sentencing Guidelines, defendant now moves to be re-sentenced pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, I will grant defendant's motion and reduce defendant's sentence to a term of 92 months imprisonment.

**BACKGROUND**

Amendment 782 to the United States Sentencing Guidelines provides for a reduction of two offense levels for the sentencing range calculation for a defendant who has been subject to sentencing under §§ 2D1.1 and 2D1.11 of the Guidelines. Amendment 782 reflects the Commission's determination "that setting the base offense levels above mandatory minimum penalties is no longer necessary" and that a reduction—including a retroactive reduction for defendants who are already serving their sentences—would be "an appropriate step toward alleviating" both "the significant overcapacity and costs" of federal prisons. *See* U.S. Sentencing Guidelines Manual, Amendment 782, Policy Stmt. (2014).

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission. The Court must follow a two-step approach to determine whether a sentence should be reduced and the extent of any such reduction. First, the Court must consider if defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable if the amended Guidelines had been in place at the time of defendant's sentencing. Second, the Court must consider the range of general sentencing factors under 18 U.S.C. § 3553(a) to decide whether, in its discretion, a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Here, I conclude that the first step is satisfied. There is agreement by defendant, the Government, and the U.S. Probation Office that defendant is eligible for a reduction of effectively up to eighteen months of his sentence pursuant to Amendment 782. The sentencing guidelines for his offense changed from 110 to 137 months to 92 to 115 months, and though his current sentence of 110 months still falls within the amended range, it is within this Court's discretion to reduce the sentence to a length of time accordant with the lower end of the new guideline range.

As to the second step, I also conclude in the exercise of my discretion and upon full consideration of the factors set forth under 18 U.S.C. § 3553(a) that a reduction is appropriate. Although defendant's time served has not been free of misconduct, the Government has agreed that defendant is eligible for a sentence reduction. Since being incarcerated defendant has committed and been punished for three nonviolent infractions. These infractions will not preclude defendant from a reduction. Infractions aside, defendant's other conduct only supports his request for a sentence reduction. The Court has received numerous certificates of completion

that strongly suggest that defendant is using his time incarcerated wisely and is putting forth great effort to better himself. Notably, defendant has had a very good institutional work history and has devoted at a great deal of time toward obtaining his GED. It is the hope of this Court that defendant will continue his educational and vocational pursuits for the remainder of his sentence and after his release.

## CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence is GRANTED. His term of imprisonment is reduced to 92 months. *See* U.S.S.G. § 1B1.10(e). All other aspects of the original sentence shall remain in effect.

It is so ordered.

Dated at New Haven this 22nd day of February 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge